UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL SCHESER and RONALD L. MAYBERRY, PLAINTIFFS

v. CIVIL ACTION NO. 3:09-CV-961-S

ISLAND HOSPITALITY MANAGEMENT, INC., et al., DEFENDANTS

**MEMORANDUM OPINION**

Defendant Island Hospitality Management, Inc. ("Island") operated the Hampton Inn in downtown Louisville, where it employed Defendants Deborah Rainbolt and Debbie Jankoski as, respectively, General Manager and Director of Sales. Plaintiffs Michael Scheser and Ronald L. Mayberry also worked at the Hampton Inn as, respectively, Assistant General Manager and Breakfast Host; their jobs were terminated (separately) in mid-2009. They then brought suit against Island, Rainbolt, and Mayberry, alleging various state-law claims related to sex discrimination, retaliation and defamation. Defendants removed the case to this court and moved to dismiss the case in part. Plaintiffs have failed to respond to the motion to dismiss and have not filed a motion to remand. We will nonetheless remand the case to the state court for the reasons that follow.

The only asserted basis for federal subject-matter jurisdiction here is diversity of citizenship, 28 U.S.C. § 1332, but the plaintiffs share Kentucky citizenship with Jankoski. Absent complete diversity we cannot hear the case and are required to remand it. *See* 28 U.S.C. § 1447(c); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). To avoid this problem and keep the case here, defendants argue that the plaintiffs fraudulently joined Jankoski for the purpose of destroying diversity. "Fraudulent joinder," we note, is a misnomer; no fraud or improper motive need be

shown.[1] The relevant consideration is whether the plaintiff has stated a valid cause of action against the allegedly fraudulently-joined party. *See Saltire Industrial, Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491 F.3d 522, 530 (6th Cir. 2007). "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party. All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

So we look to the causes of action asserted against Jankoski, and ask whether either of them presents a "colorable basis" for thinking that one plaintiff or the other may recover from her. Two of the complaint's ten counts allege wrongdoing on Jankoski's part: Count V (defamation by all defendants against Scheser) and Count X (defamation by all defendants against Mayberry). In Kentucky[2] defamation requires proof of four elements: (1) defamatory language; (2) about the plaintiff; (3) which is published; and (4) which causes injury to the plaintiff's reputation. *McBrearty v. Ky. Cmty. & Tech. College Sys.*, 262 S.W.3d 205, 213 (Ky. Ct. App. 2008) (*citing Columbia Sussex Corp., Inc. v. Hay*, 627 S.W.2d 270, 273 (Ky. App. 1981)). *See also*, *e.g.*, *Hodges v. Ford Motor Co.*, 272 Fed. Appx. 451, 454 (6th Cir. 2008) (unpublished); *Dennison v. Murray State Univ.*, 465 F. Supp. 2d 733 (W.D. Ky. 2006). "Defamatory language" means words that "tend[] so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Ball v. E.W. Scripps Co.*, 801 S.W.2d 684, 688 (Ky. 1990)

---

[1] For this reason the defense's assertion that Jankosi was tacked on to the complaint solely to avoid federal jurisdiction is immaterial.

[2] The case is here if at all on the basis of diversity, so Kentucky law applies. *Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 573 (6th Cir. 2008) *(citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

(*quoting* Restatement (Second) of Torts § 559)."Publication" is a term of art, defined as any communication of the defamatory material, by any means, to one or more third persons who can understand the statement's meaning. *See*, *e.g.*, 2 Dan B. Dobbs, The Law of Torts § 402, at 1121 (2001). Defendants argue that the complaint's allegations fail to plead these elements with particularity and therefore fail to establish a basis for liability. We see no reason to impose a heightened pleading standard. Rule 9(b) demands particularity of complaints alleging fraud or mistake, but neither is alleged here. Consequently, ordinary notice-pleading rules apply. *See Hatfill v. New York Times Co.*, 416 F.3d 320, 329 (4th Cir. 2005). The Supreme Court has recently raised the pleading threshold (the complaint now must "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)), but no more than that is required simply because the plaintiff has asserted a defamation claim. The citation to Judge Heyburn's recent decision in *Puglise v. Regency Nursing, LLC*, 2009 U.S. Dist. LEXIS 87566 (W.D. Ky. Sept. 22, 2009), is unavailing, because the court simply did not impose a pleading requirement any more stringent than the usual *Iqbal* standard.

Turning now to the content of the allegations: Plaintiffs each allege that Jankoski, together with Rainbolt, "constantly"[3] told the plaintiffs' coworkers, members of upper management, potential employers, and hotel guests that they were unable to satisfactorily do their jobs. (Compl. ¶¶ 93, 128.) Jankoski allegedly told all these people that Scheser "refused to create a work schedule for employees he supervised, that he was late or absent from work, that he failed to and/or was unable to supervise employees, and that he was responsible for a decrease in overall hotel guest

---

[3] Though we are required to take factual allegations as true, we decline to treat this word as literally accurate. Surely the defendants paused to eat and sleep, thereby interrupting their otherwise (allegedly) uninterrupted stream of public lies and insults.

satisfaction." (*Id.* at ¶ 93.) She allegedly defamed Mayberry by stating that he "burned food, that he was absent from his work area, that he failed to restock items in an efficient manner, that he allowed homeless persons to sleep in the dining [room] and that based on his actions or omissions he was responsible for a decrease in overall hotel guest satisfaction." (*Id.* at ¶ 128.) Such statements, if they were made, could have harmed the plaintiffs' reputations among their coworkers, their clients (the hotel guests), and potential future employers. They may well have prevented others from associating or doing business with (i.e. hiring) them. The complaint sufficiently pleads the elements of defamation.

We again pause to distinguish *Puglise*. The complaint in that case (which the court dismissed) contained only the bare assertion that "Defendant published false information about Plaintiff to at least one other party [and] Plaintiff's reputation was harmed as a result of such published false information." 2009 U.S. Dist. LEXIS 87566, at *3. Here, the complaint specifies the content (though not the precise language) of the alleged statements (which the plaintiffs claim were numerous), and it identifies several groups of people to whom the defendants allegedly uttered the statements. The allegations of the complaint, in our view, sufficiently make out the plaintiffs' prima facie cause of action for purposes of a remand motion.

Defendants next argue that Jankoski's alleged statements were protected by qualified privilege. Kentucky recognizes such a privilege "where the publisher, a third person, or the public has a cognizable interest in communicating the defamatory information." *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 796 (Ky. 2004). Where such an interest exists, the declarant is not liable for defamation unless the plaintiff alleges and proves actual malice in addition to the usual four elements. *Id.* at 797 (*citing Stewart v. Williams*, 218 S.W.2d 948, 950 (Ky. 1949); *Baskett v.*

*Crossfield*, 228 S.W. 673, 675 (Ky. 1921)). One such privilege is for defamatory statements relating to the conduct of employees. *Id.* at 796 (*citing, e.g.*, *Dossett v. New York Mining and Manufacturing Co.*, 451 S.W.2d 843, 846 (Ky. 1970).) This branch of the qualified privilege doctrine covers "matters involving communications between employees in the chain of command." *Landrum v. Braun*, 978 S.W.2d 756, 757 (Ky. Ct. App. 1998) (*citing Wyant v. SCM Corporation*, 692 S.W.2d 814 (Ky. Ct. App. 1985)). This privilege is premised on the necessity of candid communication, unhindered by the threat of lawsuits, in the conduct of everyday business. *Id.* Accordingly, it is at least partly inapplicable here, because two of the groups to whom the defendants allegedly made the statements in question were outside the company and its chain of command. Candid assessments of employee performance need not be published to guests and potential employers for a hotel's day-to-day operations to function smoothly.[4] We conclude that the plaintiffs have adequately stated causes of action against Jankoski, and that she has not been fraudulently joined.

This of course means that the case must be remanded to the state court, for we lack subject-matter jurisdiction. A separate order will implement this decision.

---

[4] We express no view as to whether Jankoski's statements to persons within the company were made with malice, such that the privilege (which applies as to them) would be overridden.